### EPSTEIN v. TRADE BANK & TRUST CO.

### No. 304.

Circuit Court of Appeals, Second Circuit.

May 1, 1945.

Gettinger & Gettinger, of New York City (Edward Gettinger and Samuel W. Sherman, both of New York City, of counsel), for appellant, Trade Bank & Trust Co.

Samuel Luloff, of New York City, for appellee, Robert H. Epstein, of New York City, as trustee in bankruptcy of Harry Hirschhorn.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

An involuntary petition in bankruptcy was filed against Harry Hirschhorn on May 7, 1942, and an order of adjudication was thereafter entered and the petitioner, Robert H. Epstein, was appointed trustee.

On November 27, 1941, Hirschhorn borrowed $1500 from the Trade Bank and Trust Company and simultaneously executed and delivered to the latter a collateral note and a chattel mortgage to secure the repayment of the loan. This note was made payable at the rate of $100 monthly. At the same time Hirschhorn borrowed an additional $450 from the bank and delivered to it a second note executed by himself, his wife, and a co-maker, Jack Moss, in that amount. The note for $450 was made payable at the rate of $30 monthly. Hirschhorn made four payments aggregating $400 on account of the $1500 note and four payments aggregating $120 on account of the

$450 note. He failed to make the fifth payment due upon each note on April 27, 1942 and thereby the entire unpaid balances on each became due and payable at the option of the bank. On May 8, 1942, the attorneys for the petitioning creditors and the mortgage bank entered into a stipulation that the latter might proceed with the sale of the mortgaged chattels, and on May 18, 1942, the bank sold them for $1,685.80. After deducting from this amount the auctioneer's commissions and other expenses allowable under the terms of the mortgage there was a balance remaining of $302.37, which the trustee in bankruptcy claimed as property of the bankrupt estate. The trustee filed a petition with Referee Stephenson praying that the bank pay over this balance to the trustee which the referee granted and his decision was affirmed by the District Court.

The collateral note of Hirschhorn for $1500 contained the following provision:

"As collateral security for the payment of this note and of any and all liabilities, claims and obligations of the undersigned to the Bank, whether absolute or contingent now existing or hereafter existing, secured or unsecured, due or not due, jointly and severally, the following securities have been deposited and are pledged with the Bank, viz:

"The Bank is hereby given a further lien for the amount of all liabilities, claims and obligations of any of the undersigned to the Bank, including this note, whether absolute or contingent, now existing or hereafter arising, secured or unsecured, due or not due, joint or several, upon the title or interest of the undersigned or any of them, in any other property and/or security left with the Bank for safe-keeping, custody or otherwise, or coming into the possession of the Bank in any way."

The $450 note contained no reference to the chattel mortgage but had the following provision: "The Bank is hereby given a lien for the amount of all liabilities, claims and obligations of any of the undersigned to the Bank, including this note, whether absolute or contingent, now existing or hereafter arising, secured or unsecured, due or not due, joint or several, upon the title or interest of the undersigned or any of them, in any other property and/or security left with the Bank for safe-keeping, custody, or otherwise, or coming into the possession of the Bank in any way".

The fourth paragraph of the chattel mortgage read as follows: "Upon Condition, that if the said Mortgagor, shall and do well and truly pay unto the said Mortgagee, its successors or assigns, the sum of One Thousand Five Hundred ($1,500) Dollars, and interest, in certain installments as provided for in a certain note in like amount, bearing even date herewith, or dated within a reasonable time hereafter, accompanying this chattel mortgage and evidencing the indebtedness hereby secured, it being understood and agreed that all of the terms, conditions and provisions of the aforesaid note are made a part hereof with the same force and effect as though the same were set forth at length herein, and which aforesaid note is held by the mortgagee herein, then these presents shall be void."

The sixth paragraph of the mortgage contained the following provision: "That in case default shall be made in the payment of the said sum above mentioned, or any part thereof, * * * then it shall and may be lawful for, and the Mortgagor, hereby authorizes and empowers the Mortgagee, its successors or assigns * * * to enter any dwelling house, store and other premises, and such other place or places as the said goods or chattels are or may be placed, and take and carry away the said goods or chattels, and to sell and dispose of the same at public or private sale for the best price they can obtain and out of the money arising therefrom, to retain and pay the said sum above mentioned, and all charges touching the same, including counsel fees; rendering the overplus, if any, unto the Mortgagor or to his heirs, executors, administrators, legal representatives, successors or assigns."

Neither the $1500 nor the $450 note, though having provisions attempting to create a lien, was filed as a chattel mortgage but the bank claims that both are secured under the terms of the duly filed chattel mortgage because it contained the clause already quoted that: "all of the terms, conditions and provisions of the aforesaid note are made a part hereof with the same force and effect as though the same were set forth at length herein", and the clause that: "As collateral security for the payment of this note and of any and all liabilities, claims and obligations of the undersigned to the Bank, whether absolute or contingent, now existing or hereafter existing, secured or

unsecured, due or not due, jointly and severally, the following securities have been deposited and are pledged with the Bank * * *"; and the additional provision that: "The Bank is * * * given a further lien for the amount of all liabilities, claims and obligations of any of the undersigned to the Bank, including this note * * * upon the title or interest of the undersigned or any of them, in any other property * * * coming into the possession of the Bank in any way."

Under the New York law a general clause in a chattel mortgage securing future liabilities of the mortgagor is valid in spite of the fact that the creditors of the mortgagor may be at times subjected to difficulties in ascertaining the existence and extent of those liabilities. Ackerman v. Hunsicker, 85 N.Y. 43, 47, 39 Am.Rep. 621; Brown v. Kiefer, 71 N.Y. 610.

In the case at bar the net sum remaining from the sale (that is, $302.37) is claimed by the appellant to be "other property * * * coming into the possession of the Bank" and we think it would have been "other property" within the meaning of the clause and would have been security for the balance due on the $450 note, were it not for the express provision of the chattel mortgage that in the event the mortgagee should sell the collateral to satisfy the $1500 note it should pay the $1500 and all charges touching the same, including counsel fees, and should render "the overplus, if any, unto the mortgagor".

But such clauses for the imposition of liens upon property of the mortgagor subsequently coming into the possession of the mortgagee are strictly construed against a mortgagee. Hanover National Bank v. Suddath, 215 U.S. 110, 30 S.Ct. 58, 54 L.Ed. 115; Bayle v. First National Bank of Glens Falls, 168 Misc. 398, 6 N.Y.S.2d 484. This would seem to be especially true when the notes were on the Bank's own forms. As the referee pointed out, the further lien given by the note was not on the chattels described in the chattel mortgage "but only on property when, as and if it comes into the possession of the Bank", and when the overplus came into the possession of the bank its disposition was governed by a specific clause of the mortgage applicable particularly to it. That clause can be given no effect unless we hold that the surplus should be paid to the mortgagor. This interpretation does not nullify the general provisions as to liens on property coming into the possession of the bank after the making of the notes, but only excepts the proceeds of the collateral sold to satisfy the $1500 note and not any other collateral which might come into the mortgagee's hands.

We think that the clause of the $1500 note purporting to pledge "the following securities" with the bank did not relate to the chattels referred to in the mortgage. No "securities" were listed and the clause was part of the bank's form which seems to us to have referred to stocks or bonds, and not chattels. That is its natural and commercial import and, as there were none to which it was applicable, we believe the clause was without effect.

We hold that the District Court and the referee rightly decided that the trustee was entitled to be paid the $302.37 in the hands of the bank and that their orders should be affirmed.